IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD RAY RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00699 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J.D. WEBB, | ) | United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Bernard Ray Richardson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Richardson has not submitted a filing fee with his complaint and, therefore, the court liberally construes his action as a request to proceed *in forma pauperis*. However, at least three of Richardson's previous actions or appeals have been dismissed as frivolous or for failing to state a claim upon which relief may be granted.[2] Therefore, Richardson may not proceed with this action unless he either pays the $400.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Richardson asks the court to issue a preliminary injunction; however, he does not specify what injunctive relief he seeks. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Based on his pleading and attachments, the court finds that Richardson has not "clearly shown" that he is "likely to succeed" on the merits of his case at trial or that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction.

[2] *See, e.g., Richardson v. Henceroth*, Civil Action No. 1:97cv830 (E.D. Va. July 7, 1997) (dismissed with prejudice for failing to state a claim); *Richardson v. Henceroth*, Civil Action No. 1:97cv1102 (E.D. Va. July 31, 1998) (dismissed with prejudice for failing to state a claim); *Richardson v. Henceroth*, Civil Action No. 1:00cv1238 (E.D. Va. Aug. 14, 2000) (dismissed as frivolous); *Richardson v. Prison Health Services Staff*, Civil Action No. 1:09cv756 (E.D. Va. Mar. 23, 2010) (dismissed with prejudice for failing to state a claim); *Richardson v. Ward*, Civil Action No. 1:10cv1186 (E.D. Va. Oct. 25, 2010) (dismissed with prejudice for failing to state a claim).

As Richardson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[4]

Entered: February 3, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] Richardson names the Grievance Coordinator at Keen Mountain Correctional Center as defendant to this action and alleges that the defendant "deprive[d]" him of medical treatment and "blocked" his access to the grievance system. Despite these allegations, Richardson attaches to his complaint several grievances with responses from prison staff, many of which either advise Richardson to sign up for a sick call with medical staff or advise him that he is already signed up for a sick call with medical staff. The court notes that Richardson does not allege that the defendant has interfered with his ability to sign up for sick calls or meet with the doctor. Based on his pleading and attachments, the court finds that Richardson has not demonstrated that he is in imminent danger of serious physical harm.

[4] Richardson also filed a motion to amend his original pleading. *See* Docket No. 3. Leave to amend a pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure should be "freely granted." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). A court may deny leave to amend where the proposed amendment is "clearly insufficient or frivolous on its face." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014) (internal citation omitted). In his motion, Richardson seeks to join three new defendants: the institutional investigator and two other grievance coordinators. Richardson alleges that these proposed defendants retaliated against him for filing this action by filing two disciplinary charges against him. However, these allegations do not demonstrate that Richardson is "under imminent danger of serious physical injury," and thus, he cannot proceed with these claims. Accordingly, the court will deny Richardson's motion to amend as futile.